UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MANUEL DEJESUS OLVERA,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Case No.  1:26-cv-00205-DCN<br>              1:19-cr-00037-DCN-7<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Petitioner Manuel Dejesus Olvera's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Dkt. 1; CR-37, Dkt. 239.[1] The Government filed a response. Dkt. 3. Olvera did not reply.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. In the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will rule on the Petition without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court DENIES Olvera's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

---

[1] In this Order, "CR-37" is used when citing to the criminal record in Case No. 1:19-cr-00037-DCN-7. All other docket citations are to the instant civil case.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

In June 2019, the Government filed a Superseding Information charging Olvera on two counts: (1) possession with intent to distribute methamphetamine, and (2) possession of a firearm in furtherance of a drug trafficking crime. CR-37, Dkt. 88. Olvera pleaded guilty to both counts pursuant to a plea agreement. CR-37 Dkts. 83, 98.

After sentencing, Olvera filed a pro se motion under § 2255, alleging ineffective assistance of counsel. CR-37 Dkt. 205. This Court dismissed that motion as untimely. CR-37, Dkts. 209, 210. More than four years later, Olvera filed the instant pro se motion under § 2255, claiming his conviction was based on evidence obtained through an unconstitutional search and seizure. Dkt. 1, at 5; CR-37, Dkt. 239, at 5. Specifically, he alleges that: (1) ex-police officer Joseph Allan Hoadley was convicted of several crimes, and (2) Olvera was "[p]ulled over for [a] noise ordinance which violates certain rights," leading to an "illegal" search and seizure.[2] *Id.*

## III. DISCUSSION

In its response, the Government requests the Court deny the Petition because Olvera waived his right to collaterally attack his conviction when he signed the plea agreement. Dkt. 3. The Court agrees.

"A defendant's waiver of his right to bring a collateral attack is generally enforced

---

[2] Olvera gives little-to-no evidence supporting his claims. He only attaches a sealed mental health assessment (Dkt. 1-1) and the verdict form in Hoadley's criminal case (Dkt. 1-2). As a threshold matter, the Court liberally construes the Petition and interprets it as asserting that Olvera's conviction should be vacated, set aside, or corrected because: (1) Hoadley—presumably involved in Olvera's criminal case— was found guilty of several crimes after Olvera's conviction, and (2) the allegedly unconstitutional search and seizure resulted in evidence supporting Olvera's conviction. Regardless of the claims, the Petition must be denied because Olvera waived his right to seek collateral review when he signed the plea agreement.

MEMORANDUM DECISION AND ORDER - 2

if '(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc)).

As part of his plea agreement in this case, Olvera "waive[d] any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence." CR-37, Dkt. 83, at 9. In signing the plea agreement, Olvera "acknowledge[d] that this waiver shall result in the dismissal of any direct appeal or collateral attack [he] might file seeking to challenge the plea, conviction or sentence in this case." *Id.* at 9–10.[3]

The Court must enforce the collateral attack waiver found in the plea agreement. Its terms encompassed Olvera's right to collateral review on the grounds he raises in his Petition, and Olvera does not contest that he signed the waiver knowingly and voluntarily.[4]

Olvera has not responded to the Government's Response, nor has he provided any justification for raising a collateral attack on his conviction. Accordingly, the Court DENIES the Petition.

///

///

---

[3] Olvera retained the right to file an ineffective assistance of counsel claim. CR-37, Dkt. 83, at 10. However, none of his current allegations relate to the assistance of counsel and, therefore, the exception does not apply.

[4] Although a transcript from the Change of Plea Hearing has not been requested or produced in this case, the Court's standard litany includes questions about the defendant's understanding of the plea agreement—including the waiver provisions—as well as the voluntariness of the defendant's plea. The Court is confident that colloquy occurred in this case and as noted, Olvera has not suggested his change of plea or waiver were anything other than voluntary.

MEMORANDUM DECISION AND ORDER - 3

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal from the denial or dismissal of his § 2255 Motion unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is warranted when "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c). Olvera has made no such showing in this case and, therefore, the certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

## V. CONCLUSION

For the reasons stated above, the Court finds Olvera waived his right to collateral review when he signed the plea agreement. The Court finds no reason to vacate or remand Olvera's conviction or sentence. The Court also finds it unnecessary to conduct an evidentiary hearing on the same. Therefore, the Petition is DENIED.

## VI. ORDER

**IT IS ORDERED:**

1. Olvera's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1; CR-37, Dkt. 239) is **DENIED**. The Clerk of the Court is directed to file this Order in both the criminal and civil case.

2. The Court finds there is no need for an evidentiary hearing.

MEMORANDUM DECISION AND ORDER - 4

3.      No certificate of appealability shall issue. Olvera is advised that he still may request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

4.      If Olvera files a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: June 30, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5